UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO DEMAR POOLE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 22-483 |
| JOHN BEL EDWARDS, ET AL. | SECTION "A" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Antonio Demar Poole and three co-plaintiffs filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Governor John Bel Edwards, Department of Corrections ("DOC") Secretary James LeBlanc, Sheriff Gerald A. Turlich, Warden Denise Narcisse, and Major Byron Williams, challenging the failure of the DOC and officials at the Plaquemines Parish Detention Center to provide adequate distance learning and opportunities for rehabilitation and education credits during the COVID-19 pandemic. ECF No. 10, ¶IV, at 4-5. Poole[1] did not pay the filing fee or file a motion to proceed *in forma pauperis* with the complaint.

On May 3, 2022, the clerk of this court sent Poole a notice of this deficiency which required him to either pay the filing fee or file a properly completed and certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 13. The clerk mailed the deficiency notice to Poole at his prison address of record at the Plaquemines Parish Detention Center. The envelope has not been returned as undeliverable. Poole has not responded to or complied with the deficiency notice.

To provide Poole another opportunity to respond and correct his pleading deficiency, I issued an order on August 19, 2022, for him to show cause why his § 1983 claims should not be dismissed for his failure to prosecute. ECF No. 17. The clerk of court mailed the show cause

---

[1] None of the other plaintiffs have paid the requisite filing fee.

order to Poole at his prison address of record, and the envelope has not been returned as undeliverable. The court has not received a response from Poole.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[2] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[3] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[4] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[5]

All litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[6]

To date, Poole has not responded to the clerk's notice of deficiency or the court's show cause order. He also has not filed a notice of change of address or otherwise contacted the court or clerk of court about his case. His failure to comply with the court's rules and orders has created

---

[2] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[3] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[4] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[5] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[6] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Poole himself, justifying dismissal of his complaint for failure to prosecute.[7]

In a final effort to provide Poole with an opportunity to show cause why his claims should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Poole is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Poole that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Poole is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Poole also is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[8]

---

[7] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).
[8] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).

**RECOMMENDATION**

It is **RECOMMENDED** that plaintiff Antonio Demar Poole's 42 U.S.C. § 1983 claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

New Orleans, Louisiana, this 27th day of September, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE